UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

FIFTEEN THOUSAND SIX HUNDRED SIXTY-FIVE DOLLARS AND FIFTY-EIGHT CENTS ($15,665.58) IN UNITED STATES CURRENCY FROM HUNTINGTON NATIONAL BANK ACCOUNT #XXXXXX5003; AND FIFTEEN THOUSAND FOUR HUNDRED TWENTY-FIVE DOLLARS AND NINETY-THREE CENTS ($15,425.93) IN UNITED STATES CURRENCY FROM US BANK ACCOUNT #XXXXXX5703,

        Defendants *in rem*.

Case No.
Honorable:
Mag. Judge:

## Complaint for Forfeiture

Plaintiff, the United States of America, by and through Jerome F. Gorgan Jr., United States Attorney for the Eastern District of Michigan, and Andres Q. Almendarez, Trial Attorney, United States Department of Justice, Criminal Division, Fraud Section, state upon information and belief in support of this Civil Complaint for Forfeiture *in rem* that:

## Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action pursuant to Title 18, United States Code, Sections 981 (a)(1)(C), resulting from an alleged violation of 18 U.S.C. § 1347.

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## Defendant in rem

6. The Defendants *in rem* are as follows:

    a. Fifteen Thousand Six Hundred Sixty-Five Dollars and Fifty-Eight Cents ($15,665.58) in United States Currency from Huntington National Bank Account #xxxxxx5003; and

    b. Fifteen Thousand Four Hundred Twenty-Five Dollars and Ninety-Three Cents ($15,425.93) in United States Currency from US Bank Account #xxxxxx5703.

7. Members of the Federal Bureau of Investigation ("FBI") seized the Defendants *in rem* on or about June 18, 2019.

8. The Defendants *in rem* are currently in the custody of the United States Marshals Service.

## Underlying Criminal Statutes

9. Title 18, United States Code, Section 1347(a) prohibits health care fraud: Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice-

> (1) to defraud any health care benefit program; or
>
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both.

## Statutory Basis for Civil Forfeiture

10. Title 18, United States Code, Section 981(a)(1)(C) provides for the

civil forfeiture to the United States of the proceeds of crimes designated as "specified unlawful activities" as defined in Title 18, United States Code, Section 1956(c)(7), which includes any act or activity constituting an offense involving a Federal health care offense.

## Factual Basis in Support of Forfeiture

11. The Defendants *in rem* were proceeds of a violation of 18 U.S.C. § 1347 and are therefore subject to federal civil forfeiture under 18 U.S.C. § 981(a)(1)(C). Evidence supporting forfeiture includes, but is not limited to, the following:

    a. Dr. Robert Cornfield, D.P.M. ("Cornfield") was a licensed podiatrist who owned and operated Robert H. Cornfield, DPM PC ("Business"), located in the Eastern District of Michigan, from 1998 through at least in or around July 2019.

    b. From in or around January 2010 and continuing through in or around July 2019, Cornfield caused Business to submit claims to Medicare for approximately 17,118 nail avulsion procedures, which was more than any other podiatrist in the United States of America during that time frame. As a result of these submitted claims, Cornfield, through Business, was reimbursed by Medicare and paid approximately $1.1 million.

  c. Several Medicare beneficiaries for whom Cornfield caused claims for the provision of nail avulsions to be submitted to Medicare represented to law enforcement that Cornfield in fact did not perform nail avulsions upon them, despite the claims submitted to Medicare representing the contrary.

  d. An analysis of patient file records maintained by Cornfield showed cloned patient notes and patient complaints, with identical entries for the same patient throughout their treatment history.

  e. The money Medicare paid to Cornfield for his submission of nail avulsion claims was deposited into Huntington National Bank Account #xxxxxx5003 and into US Bank Account #xxxxxx5703.

  f. The $15,665.58 in United States Currency seized from Huntington National Bank Account #xxxxxx5003, and the $15,425.93 in United States Currency seized from US Bank Account #xxxxxx5703, represent funds that Medicare paid Cornfield as a result of the nail avulsion claims Cornfield caused to be submitted to Medicare.

## Claim for Relief

12. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 11.

13. The Defendants *in rem* are forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(C) because they were proceeds resulting from a violation or violations of 18 U.S.C. § 1347.

## Conclusion and Relief

Plaintiff requests that this Court issue a warrant for arrest of the Defendants *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such other and further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

s/Andres Q. Almendarez
Andres Q. Almendarez IL 6292270
Trial Attorney
United States Department of Justice
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(202) 258- 7149
Andres.almendarez@usdoj.gov

Dated: December 15, 2025

**VERIFICATION**

I, Todd Fry, state that I am a Special Agent with Federal Bureau of Investigation ("FBI"). I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

_____
Todd Fry, FBI SA

Dated:  December 4, 2025